No. 66781.—Standard Oil Co. of California *v.* United States, protests 59/14797 and 59/3462 (Los Angeles).

FORD, Judge: The two protests here involved, which were consolidated for purposes of trial, relate to certain merchandise, which, it is claimed by the plaintiff, constitutes many thousands of separate parts of a single unit, which functions as a machine, known in the petroleum industry as a stripper plant.

The merchandise covered by protest 59/14797 was classified as "Articles having as an essential feature an electrical device or element, finished or unfinished, wholly or in chief value of metal, nspf; other," under paragraph 353 of the Tariff Act of 1930, as modified, and assessed with duty at the rate of 13¾ per centum ad valorem. It is claimed by plaintiff to be properly dutiable at 13 per centum ad valorem under paragraph 372, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, as parts of machines, not specially provided for.

Some of the merchandise included within protest 59/3462, the classification of which is herein protested, was classified as "Other articles, nspf, partly or wholly manufactured, wholly or in chief value of iron, steel, brass, bronze, zinc or aluminum," under paragraph 397 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108, and assessed with duty at

the rate of 21 per centum ad valorem. It was claimed in plaintiff's original protest that this merchandise was properly dutiable at 0.1 cent per pound under paragraph 312 of the Tariff Act of 1930, as modified by the Torquay Protocol to the General Agreement on Tariffs and Trade, 86 Treas. Dec. 121, T.D. 52739, as structural shapes, not assembled, manufactured, or advanced; or at 7½ per centum ad valorem under paragraph 312, as modified by T.D. 52739, *supra*, as structural shapes of iron or steel, advanced beyond hammering, rolling, or casting. At trial, plaintiff's claim with respect to protest 59/3462 was amended to include the further claims that the merchandise is dutiable under paragraph 372, as parts of machines, not specially provided for, or, in the alternative, under paragraph 353 as articles having as an essential feature an electrical element or device. The claim with respect to structural shapes, not having been pressed, is deemed abandoned.

It appears from the invoices, and is so contended by plaintiff's counsel, that the thousands of separate parts, which were imported on two separate vessels, were separated by the classifying officers into two categories. The operating equipment parts were classified as articles having as an essential feature an electrical element or device. The parts which, according to plaintiff's counsel, were used to support the pieces of mechanical equipment were classified as manufactures of steel, not specially provided for.

Although plaintiff claims that all these parts constituted one unit, and although the two protests were consolidated for purposes of trial, a lucid and exact examination of the evidence is more facilely obtainable by considering the entries separately.

If plaintiff's contention with regard to protest 59/14797 is to prevail, it is necessary to establish that the importation is a machine or parts thereof within the meaning of the tariff act, and, secondly, if it is found to be a machine, that the imported components of the machine are classifiable as parts, and, finally, that the machine is not one having as an essential feature an electrical element or device.

Directing our attention to the case law applicable in a determination of whether a particular importation is a machine, we find a recent interpretation of paragraph 372 by our appellate court in *United States* v. *Idl Mfg. & Sales Corp.*, 48 C.C.P.A. (Customs) 17, C.A.D. 756, which was followed in *Nord Light, Inc.* v. *United States*, 49 C.C.P.A. (Customs) 12, C.A.D. 786, decided December 18, 1961. After reviewing prior decisions dealing with this statutory provision, the court, in the *Idl* case, *supra*, concluded:

* * * While many items have been held to be, or not to be, "machines," there is no "judicial determination" of what a machine is. It remains simply a question of common meaning and each case must be decided on the basis of its own facts, technical and legislative.

In applying this rationale, and seeking a common meaning of the word "machine," the court, in the *Idl* case, *supra*, found and applied the following definition from The Columbia Encyclopedia, second edition:

A machine is, on this basis, any device, simple or complex, by which the intensity of an applied force is increased, its direction changed, or one form of motion or energy changed into another form.

The only testimony in the case was given by plaintiff's witness, Francis Wyatt, assistant chief engineer at the El Segundo Refinery of Standard Oil Co. of California, Western Operations, Inc., which is a wholly owned subsidiary of the plaintiff. The witness was the engineer in charge of the design and construction of the imported merchandise and was responsible for the erection of the plant.

The witness stated that the equipment, which functions as a single unit rather than a series of units, is a mechanical contrivance which transforms mechanical power into hydraulic power by use of centrifugal pumps and vacuum systems to separate the components, gas, oil, and residual asphalt from the feed material. This opinion, which was not controverted or impeached, is sufficiently supported by the schematic diagrams placed in evidence and the detailed testimony of the witness describing the various functions and operating procedures, so as to be accepted as a credible and accurate characterization of the importation. It is apparent, therefore, that the various components function as a single processing unit in such a manner as to be classifiable as a machine under paragraph 372, as modified, *supra*, as interpreted by our appellate court in the cases cited above.

It appears, therefore, that the machine, together with its component parts, would be classifiable within paragraph 372, if not more specifically provided for elsewhere. Accordingly, the next issue before us is whether the importations are classifiable under paragraph 353 as articles having as an essential feature an electrical element or device or parts thereof.

In the case of *United States* v. *Dryden Rubber Co.*, 22 C.C.P.A. (Customs) 51, T.D. 47050, the court provided a set of inquiries which must be made in determining if an article falls within the language, "articles having as an essential feature an electrical element or device," provided for in paragraph 353 of the Tariff Act of 1930. These inquiries were set forth as follows:

There are two inquiries, therefore, when the question of the classifiability of an article under this division of the paragraph is under consideration: First, is it essentially an electrical article? The electrical feature must be an essential feature, without which the article will not function, normally, for the purposes intended, for, it must be manifest, that if it be not an electrical article, it does not come within the division at all. Second, if it is such an electrical article, is it an article named in the language, or within the class of articles named in this paragraph?

From what has been said, it follows that if the article, when it is imported, is designed and constructed to use electrical power, or other power, interchangeably, then it has not, as an essential feature, an electrical element or device.

The record herein establishes there are three functions of this unit which utilize electricity. The centrifugal pumps utilized in many sections of the plant are operated by electricity. However, the identical pumps supplied with the unit were also utilized to perform the same function but were operated by a steam turbine drive. It is, therefore, apparent that the plant, insofar as the centrifugal pumps are concerned, was designed for operation either by electricity or steampower and, consequently, does not meet the test within the *Dryden Rubber Co.* case, *supra*. Hence, this function of the merchandise would not permit classification under paragraph 353 of said act, *supra*.

The second and third functions of this plant requiring electricity were the use of a number of thermocouples used to indicate the temperature of the material being processed and an electrical recorder which recorded the flow through the pipeline. The witness' testimony establishes to the satisfaction of the court that glass thermometers could serve the same functions and, in any event, are not essential to the operation of the plant any more than the recorder which records the flow but does not control the function of the plant.

The thermocouples and the electrical recorder are likened to the electromagnet, which the court found was not essential to the operation of the cocoa liquor mill under consideration in the case of *United States* v. *Baker Perkins, Inc., et al.*, 46 C.C.P.A. (Customs) 128, C.A.D. 714.

Accordingly, we are of the opinion that the merchandise covered by protest 59/14797 is properly dutiable at 13 per centum ad valorem under the provision

for parts contained in paragraph 372 of the Tariff Act of 1930, as modified, *supra*, for all other machines, finished or unfinished, not specially provided for.

Protest 59/3462 is directed against the classification of certain metal articles including, but not limited to, girders, joists, channels, plates, sheets, steel strips, ladders, hand noils, etc., which were classified under the basket provision of the metal schedule, paragraph 397 of said act, as modified, *supra*. It is contended to be parts of the plant and, as such, dutiable at the same rate of duty, i.e., 13 per centum ad valorem under said paragraph 372, as modified, *supra*.

The evidence establishes to our satisfaction that said merchandise was used to support the plant and as an assistance in maintaining it. These pieces are also physically part of the plant being welded to the pipeline, heat exchanger, and other equipment. Based upon this, we find said merchandise covered by protest 59/3462, classified under the provisions of paragraph 397, *supra*, and assessed with duty at 21 per centum ad valorem to be properly dutiable at 13 per centum ad valorem under paragraph 372 of said act, as modified, *supra*, as parts of machines, not specially provided for, as claimed herein.

Judgment will be rendered accordingly.